UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-3754 JJO

UNITED STATES OF AMERICA

vs.

JOSE PEGUERO, ANDRES OZUAL, and
LUIS ANGEL TEJADA-GUZMAN

    Defendants.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  _Yes _X_No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _Yes _X_No

                              Respectfully submitted,

                              ARIANA FAJARDO ORSHAN
                              UNITED STATES ATTORNEY

By: _/s/ Carlee M. Valenti_
Carlee M. Valenti
Special Assistant United States Attorney
Court I.D. No. A5502473
11200 NW 20th Street, Suite 101
Tel. 305-715-7646/ 7653
carlee.valenti@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JOSE PEGUERO, ANDRES OZUAL, and<br>LUIS ANGEL TEJADA-GUZMAN<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 19-3754 JJO<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  August 20 and September 9, 2019  in the county of  Miami-Dade  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute Cocaine |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Cocaine |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Steven Avila, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/30/19

_____
*Judge's signature*

City and state:  Miami, Florida   John O'Sullivan, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven Avila, being duly sworn, attest and affirm the following:

1. I have been a Police Officer with the Hialeah Gardens Police Department for eight (8) years. I have been deputized as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) since 2017. I have been involved in numerous narcotics related investigations and have assisted local, state, and federal agencies with their investigations. I have made numerous arrests throughout my career, conducted numerous undercover drug purchases, controlled buys, and reverse sting operations. I have received training from the DEA, High Intensity Drug Trafficking Area (HIDTA), and various state and federal agencies that specialize in narcotic investigative matters, including, but not limited to, investigative interviews, illicit/designer drug identifications, introduction to narcotics investigations, narcotics and dangerous drugs investigations, narcotics investigations, street survival, special tactical Problem, and highway vehicle stops.

2. This affidavit is submitted in support of a criminal complaint against defendants Jose PEGUERO hereinafter referred to as PEGUERO, Andres OZUAL hereinafter referred to as OZUAL, and Luis Angel TEJADA-GUZMAN, hereinafter referred to as TEJADA, (collectively, the Defendants). As explained in detail below, I respectfully submit that there is probable cause to believe that, in or around August 2019 continuing through in or around September 2019, in Miami-Dade County, in the Southern District of Florida, the Defendants did conspire to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846; and did possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

3. The information contained in this affidavit is based on my personal knowledge as well as information relayed to me by other law enforcement agents and officers involved in this investigation. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of the Defendants. As such, it does not include all of the information known to me about this investigation.

4. During the month of August 2019 Miami Beach Police Special Investigation Section (MBPD SIS) contacted DEA in regards to PEGUERO who is a known cocaine trafficker to the (DEA). MBPD has a confidential source, hereinafter referred to as the CS[1], who has known PEGUERO for several years. According to the CS, PEGUERO is a cocaine kilogram level dealer. The CS stated that after PUGUERO was arrested for trafficking cocaine several years ago, he has become more cautious when negotiating and dealing in cocaine transactions. Throughout the investigation, law enforcement has learned that PEGUERO recruited OZUAL as a drug runner. Throughout the investigation and through information from the CS, law enforcement has learned that OZUAL sells cocaine for PEGUERO out of OZUAL's apartment located at 846 Lenox Avenue, APT 209 Miami Beach, FL, 33139, hereinafter referred to as the OZUAL residence.

5. On August 20, 2019, at 11:00 a.m., law enforcement met with the CS at a predetermined location, and equipped the CS with a recording audio recording device. Law enforcement conducted a full search of the CS to affirm that he did not have any contraband on his person with negative results. At 11:15 a.m., law enforcement established surveillance at the OZUAL residence. Law enforcement surveillance was also located PEGUERO's residence located at 1200 West Avenue, hereinafter referred to as the PEGUERO residence.

---

[1] The CS has proven reliable throughout the course of this investigation.

2

6. At 11:32 a.m., the CS placed a controlled telephonic call to PEGUERO (to phone number (786) 269-1199) to inquire about the purchase of three (3) ounces of cocaine, which the CS had previously negotiated with PEGUERO on Thursday, August 15, 2019. PEGUERO did not answer the phone call, but immediately responded to the CS via text message. The CS replied by asking PEGUERO if OZUAL had knowledge of the narcotics transaction they had previously negotiated. PEGUERO replied to the CS yes, but that OZUAL only had (2) ounces and advised the CS that the third ounce would be available later that day.

7. At 11:38 a.m., the CS conducted a controlled telephonic call to OZUAL (to phone number (786) 491-5770) and asked him about purchasing the two (2) ounces of cocaine. At 12:40 p.m., OZUAL called the CS and advised that he was home and available for the sale of the two (2) ounces of cocaine. The CS was provided with $2,150.00 of DEA official advance funds (OAF). At 12:55 p.m. in the presence of law enforcement the CS began by walking north on Lenox Avenue from 8 Street on the sidewalk toward the OZUAL residence. Law enforcement had a clear and unobstructed visual of the CS at all times as the CS approached the OZUAL residence.

8. At 12:57 p.m., law enforcement observed the CS arrive at the OZUAL residence. While inside the apartment, OZUAL provided the CS with two (2) ounces of cocaine, and in return, the CS gave OZUAL $2,150.00 of DEA OAF completing the drug transaction. At 1:00 p.m., law enforcement observed the CS exit the OZUAL residence and walk towards the predetermined meet location. The CS was met by law enforcement, and handed law enforcement the two (2) ounces of cocaine, which were separated into two (2) clear plastic bags. A full search of the CS was conducted for contraband or money with negative results. The suspected cocaine subsequently field-tested positive for the presence of cocaine.

9. At approximately 4:11 p.m., the CS was instructed to send a text message to OZUAL advising that he/she was ready to purchase the third ounce. At 5:14p.m., the CS sent a controlled text message to PEGUERO inquiring when the other ounce would be ready for pick up. PEGUERO replied that OZUAL will text the CS as soon as the new shipment of cocaine arrives.

10. At 7:10 p.m., law enforcement observed a white Mercedes Benz bearing Florida tag 81HEU park on Lenox Avenue directly in front of the OZUAL residence. A white Hispanic male exited the vehicle and walked towards the OZUAL residence. Shortly after, the Hispanic male was observed leaving the apartment, and walking back towards his vehicle. The male entered his vehicle and drove away from the OZUAL residence. A records check of the tag revealed that the vehicle was registered TEJADA.

11. At approximately 7:15 p.m., OZUAL sent a text message to the CS stating that the one (1) ounce of cocaine had just arrived. At 7:35 p.m., law enforcement conducted a full search of the CS for contraband or money with negative results. At 7:39 p.m., law enforcement provided the CS with $1,080.00 of DEA OAF. In the presence of law enforcement, the CS walked towards the OZUAL residence. Law enforcement had a clear and unobstructed view of the CS as the CS entered the OZUAL residence. While inside the apartment, OZUAL provided the CS with one (1) ounce of cocaine in exchange for $1,080.00 in DEA OAF. At 7:42 p.m., law enforcement observed the CS exit the OZUAL residence. Law enforcement maintained a clear and unobstructed view of the CS as the CS walked to the predetermined meet location.

12. Law enforcement then met with the CS, the CS handed law enforcement a clear plastic bag that contained one (1) ounce of cocaine. A full search of the CS was conducted for contraband and money with negative results. The suspected cocaine field-tested positive for the presence of cocaine. Law enforcement transported the CS to the MBPD station. The CS stated

that he saw OZUAL retrieve the one (1) ounce from a large clear plastic bag that contained 20-30 one (1) ounce similar bags of cocaine inside. The CS told OZUAL that he would be returning the following week for more cocaine.

13. On August 28, 2019, the CS met with PEGUERO to negotiate the purchase price for nine (9) ounces of cocaine.

14. On September 9, 2019, at 11:10 a.m., the CS arrived at the predetermined meet location. At 11:11 a.m., the CS was searched by law enforcement for contraband with negative results. At 11:30 a.m., the CS placed a controlled recorded telephonic called to OZUAL to discuss meeting to purchase the nine (9) ounces of cocaine. OZUAL explained to the CS that he only had seven (7) ounces of cocaine at the time, and that he would have the other two (2) ounces of cocaine available later in the day. The CS agreed to purchase the seven (7) available ounces of cocaine, and return later for the additional two (2) ounces of cocaine.

15. At 11:45 a.m., the CS was equipped with audio and video transmitting devices. The CS was provided with $7,175.00 of DEA OAF. At 12:12 p.m., in the presence of law enforcement, the CS approached the OZUAL residence. At 12:15 p.m., the CS was greeted by OZUAL at the door. The CS entered the apartment and handed OZUAL the $7,175.00 OAF in exchange for seven (7) ounces of cocaine. At 12:17 p.m., the CS exited the OZUAL residence and walked to the predetermined meet location where law enforcement were waiting. At 12:20 p.m., the CS handed law enforcement a Walmart grocery bag that containing a clear plastic bag with seven (7) ounces of cocaine inside. The CS was then searched for contraband with negative results. The suspected cocaine field-tested positive for the presence of cocaine.

16. At 12:25 p.m., law enforcement observed OZUAL leave his apartment, and meet with PEGUERO. At 12:30 p.m., the CS placed a controlled telephonic call in the presence of law

enforcement to PEGUERO requesting a time of delivery for the additional two (2) ounces of cocaine. PEGUERO told the CS that the two (2) ounces of cocaine would be ready after 6:00 p.m.

17. Surveillance was maintained at the OZUAL residence and at the MacArthur Causeway by law enforcement. At 5:50 p.m., law enforcement spotted a white Mercedes Benz bearing Florida tag 81HEU being driven by TEJADA. This is the same vehicle and driver that was seen on August 20, 2019 visiting the OZUAL residence when OZUAL needed to replenish his cocaine supply. Law enforcement followed TEJADA east on 9th Street towards Lenox Avenue. At 5:55p.m., an investigative stop was conducted on TEJADA. Detectives had TEJADA step out of the vehicle and he was interviewed on the sidewalk by his vehicle. TEJADA gave verbal consent to law enforcement to search his vehicle. Inside the trunk, law enforcement located a tool box that had a clear plastic bag sticking out of it. Inside the plastic bag, there was approximately 309 grams of suspected cocaine, which was vacuum-sealed. Law enforcement then seized the cocaine as evidence. TEJADA was subsequently released on the scene by law enforcement. TEJADA was not arrested at the time in an effort to continue the investigation. TEJADA was not provided a receipt for the seized cocaine.

18. At 6:38 p.m., the CS placed a controlled recorded telephonic call to OZUAL. The CS asked OZUAL for the status of the two (2) ounces of cocaine OZUAL stated that there was a problem with the delivery of the package, and that he was unable to complete the drug transaction. Based on my training, knowledge and experience, I believe that OZUAL's reference to the package was in reference to the cocaine. In addition, based on my training, knowledge and experience, I believe that the problem with the delivery of the package was the investigative stop and seizure of the cocaine from TEJADA.

19.     Based on the above facts, I submit there is probable cause to believe that Jose PEGUERO, Andres OZUAL, and Luis Angel TEJADA-GUZMAN, in or around August 2019 continuing through in or around September 2019, in Miami-Dade County, in the Southern District of Florida, the Defendants did conspire to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846; and did possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
STEVEN AVILA, TASK FORCE OFFICER
U.S. DRUG ENFORCEMENT ADMIN.

Subscribed and sworn to before me this 30th day of October, 2019.

_____
HON. JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

7